UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED OCT - 3 2006 OFFICE OF COMPLIANCE

| | |
|---|---|
| MICHAEL GRAHAM, | )<br>)<br>) |
| Plaintiff, | ) Civil Action Nos. 05-1340 (JR)<br>)             and 06-0492 (JR)<br>) |
| v. | ) ECF<br>) |
| THE ARCHITECT OF THE CAPITOL, | )<br>) |
| Defendant. | )<br>)<br>) |

## VOLUNTARY STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL

The parties to these actions, Michael L. Graham ("Plaintiff") and the Architect of the Capitol ("Defendant") (collectively, the "Parties"), hereby enter into the following Voluntary Stipulation of Settlement and Order of Dismissal ("Stipulation"). In order to resolve the matters in dispute in the above-styled actions without further expense or delay, Plaintiff and Defendant unconditionally agree to the following terms:

1. Plaintiff and Defendant enter into this Stipulation in order to make full and final settlement of any and all matters that Plaintiff raised or could have raised against the Defendant. Plaintiff agrees to accept the terms set forth herein in full satisfaction and settlement of any and all claims, demands, rights and causes of action of any nature based upon, arising from, or related to Plaintiff's employment with Defendant, including but not limited to any and all claims Plaintiff asserted or could have asserted in the above-styled actions, against the Defendant, based upon acts or events occurring up to the date this Stipulation is filed with the Court.

2. Pursuant to Sections 414 and 415 of the Congressional Accountability Act, 2 U.S.C. §§ 1414-1415, and upon formal approval by the Office of the Architect of the Capitol's Office of

1

Compliance Executive Director, 2 U.S.C. § 1415, the Defendant shall, subject to the conditions and limitations set forth herein, pay the gross amount of seventy eight thousand dollars ($78,000.00), by lump sum payment, without deduction, withholding, or setoff, inclusive of all attorney's fees, in full and final settlement of the above-styled actions and any and all claims that could or should have brought as of the date of the filing of this Stipulation by the Court. The payment of the foregoing sum shall be made by wire transfer or check payable to the Alderman and Devorsetz, PLLC, client trust account, in accordance with information that will be provided by Plaintiff's counsel contemporaneously with the execution of this Stipulation. The Parties understand that the government will not be responsible for the payment of taxes on the amounts paid to Plaintiff and/or his counsel under this agreement.

3. This Stipulation shall represent the full and complete satisfaction of all Plaintiff's claims arising from the allegations set forth in the complaints filed in the above-styled actions, including (but not limited to) all claims of violations of the Congressional Accountability Act and Title VII of the 1964 Civil Rights Act, as amended, and all claims for damages or equitable relief. The settlement also includes, without limitation, full and complete satisfaction of all of Plaintiff's claims for compensatory damages, costs, attorney's fees, and interest or other compensation.

4. By this Stipulation, Plaintiff waives, releases, discharges, and abandons any and all claims, whether asserted or unasserted, against the Defendant and/or its agents, servants or employees, that arose as a result of Plaintiff's employment or other contacts with the Defendant, and based upon acts or events occurring up to the date this Stipulation is filed with the Court. Such waived, released, discharged, and abandoned claims include, but are not limited to, the above-styled litigation and any other complaints filed or pending in any other forum whatsoever,

2

as well as any and all other claims arising out of the events involved in said litigation or claims arising from Plaintiff's employment or other contacts with Defendant, and based upon acts or events occurring up to the date this Stipulation is filed with the Court. This Stipulation shall also include all Plaintiff's claims for attorney's fees and costs incurred in connection with any administrative filings and processes, the District Court litigation process, and any other proceedings involving the claims raised in these actions, except as otherwise specified above.

5. Plaintiff agrees not to institute any other actions, charges, complaints, appeals or other proceedings against Defendant or any of Defendant's past or present employees, officers, agents or representatives concerning any matter related to the same claims or issues he raised in the above-styled actions or his employment or other contacts with Defendant of which he knew or should have known as of the date on which he signed this Stipulation.

6. Plaintiff acknowledges that he has read this entire Stipulation, that he understands all of its terms and conditions, and that he is freely and voluntarily entering into this Stipulation. Plaintiff further acknowledges that he has been represented in settlement negotiations by his undersigned attorneys, and that Plaintiff's attorneys have reviewed and explained the provisions of this Stipulation to Plaintiff's satisfaction, and that Defendant has provided reasonable and sufficient time for this purpose.

7. Execution of this Stipulation of Settlement shall not constitute a finding by the Court or an admission by the Defendant that Defendant, Defendant's agents, servants, or employees violated any laws or regulations as alleged in the complaints, or that there was any wrongful conduct whatsoever.

8. Execution of this Stipulation of Settlement by Plaintiff's counsel and counsel for the Defendant shall constitute a dismissal of this action with prejudice, pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure.

9. This Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns.

10. The Parties agree that a facsimile of the signatures of the parties and counsel will be the same as the original.

11. This Stipulation has been reviewed and approved by the Executive Director of the Office of Compliance, as required by § 414 the Congressional Accountability Act.

12. The Court shall retain jurisdiction to enforce the terms of this Stipulation and to conduct such further proceedings and award relief as may be necessary to resolve any breach of this Agreement by any of the Parties.

13. This Stipulation shall become effective upon the Court's entry of this Stipulation and at that time shall be the final expression of the parties' voluntary, full, final, and complete settlement agreement.

14. The Parties understand that this Stipulation contains the entire agreement between Plaintiff and Defendant; that no promise or inducement has been made except as set forth herein; and that no representations, oral or otherwise, between Plaintiff and Defendant, or their respective counsel, not included herein shall be of any force and effect.

IN WITNESS WHEREOF, the Parties hereto, intending to be legally bound, through their respective counsel of record, have stipulated and agreed to the foregoing.

Respectfully submitted,

MICHAEL L. GRAHAM  
Plaintiff

KENNETH L. WAINSTEIN (D.C. Bar # 451058)  
United States Attorney

LESLIE ALDERMAN, III  
DC BAR# 477750  
Alderman and Devorsetz  
1025 Connecticut Ave, N.W.  
Washington, D.C. 20036  
(202) 969-8220  
*Attorneys for Plaintiff*

RUDOLPH CONTRERAS (D.C. BAR #434122)  
Assistant United States Attorney

MADELYN E. JOHNSON, D.C. BAR #292318  
MERCEDEH MOMENI  
Assistant United States Attorneys  
555 Fourth Street, N.W.  
Washington, DC 20530  
(202) 305-4851  
*Attorneys for Defendant*

TAMARA CHRISLER  
Acting Executive Director  
Office of Compliance

SO ORDERED, this _____ Day of October 2006.

JAMES ROBERTSON  
U.S. District Court Judge